JENNINGS SIGMOND, P.C.
Ryan P. McCarthy, Esquire (Bar No. 219022016)
1835 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 351-0644
FAX: (215) 922-3524
E-Mail: rmccarthy@jslex.com
Attorney for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.A. LOCAL 322 HEALTH & WELFARE FUND, : <br> U.A. LOCAL 322 ANNUITY FUND, : <br> U.A. LOCAL 322 EDUCATION FUND : <br> LOCAL 322 OF THE UNITED ASSOCIATION : <br>    OF JOURNEYMEN AND : <br>    APPRENTICES OF THE PLUMBING AND : <br>    PIPE FITTING INDUSTRY OF THE UNITED : <br>    STATES AND CANADA, AFL-CIO, : <br> U.A. LOCAL 322 POLITICAL ACTION : <br>    COMMITTEE, and : <br> KURT R. KRUEGER, JR. in his official capacity : <br>    as a fiduciary : <br> 534 So. Route 73 : <br> P.O. Box 73 : <br> Winslow, NJ 08095, : <br>    and <br> SOUTH JERSEY MECHANICAL : <br>    CONTRACTORS RESIDENTIAL FUND : <br> 10000 Lincoln Drive East, Suite 201 <br> Marlton, NJ 08053 <br>                       Plaintiffs, <br>   v. <br> MARLEE CONTRACTORS, LLC <br> 410 Holly Glen Drive <br> Cherry Hill, NJ 08034 <br>                       Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States or their designees by certified mail.

## VENUE

3. Venue lies in the District of New Jersey under 29 U.S.C. §§ 185(a), 1132(e)(2), or 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff U.A. Local 322 Health & Welfare Fund ("Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2) and (3). The Welfare Fund is also known as and referenced as "United Association, Local Union No. 322 Health and Welfare Fund" and "Health & Welfare."

5. Plaintiff U.A. Local 322 Annuity Fund ("Annuity Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2) and (3). The Annuity Fund is also known as and referenced as "U.A. Local 322 Annuity Fund" and "United Association, Plumbers and Pipefitters Local 322 Annuity Fund"

6. Plaintiff U.A. Local 322 Education Fund ("Education Fund," and together with

the Annuity Fund and Welfare Fund, "ERISA Funds") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

7. Plaintiff Local 322 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("Union") is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Defendant who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

8. Plaintiff U.A. Local 322 Political Action Committee ("PAC") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. or similar law for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

9. Plaintiff, Kurt R. Krueger, Jr. ("Krueger"), is a trustee and fiduciary with respect to the Welfare Fund, Education Fund, and Annuity Fund within the meaning of 29 U.S.C. § 1002(21) with a business address as listed in the caption.  He is authorized to bring this action on behalf of all Trustees of the Welfare Fund, Education Fund, and Annuity Fund.  Krueger is Business Manager of the Union and is authorized to bring this action on behalf of the PAC and Union.

10. Plaintiff South Jersey Mechanical Contractors Residential Fund ("Industry Fund") is a trust fund established by the South Jersey Mechanical Contractors Association, Inc. for the purpose of fostering and advancing the interest of the plumbing and pipefitting industry in

accordance with the terms of the Labor Contract.

11. The ERISA Funds, Union, PAC, and the Industry Fund (collectively, "Funds," and together with Krueger, "Plaintiffs") maintain their principal place of business and are administered from offices located in the District of New Jersey.

12. Defendant, Marlee Contractors, LLC ("Company" or "Defendant"), is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

13. At all times relevant to this action, Company was party to a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the current Labor Contract and signature page of Defendant are attached collectively as **Exhibit 1**.

14. Defendant also signed or agreed to abide by the terms of agreements and declarations of trust of the ERISA Funds ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

15. Under the Labor Contract or Trust Agreements, Defendant agreed:

(a) To make full and timely payments on a monthly basis to the Funds as required by the Labor Contract.

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. A copy of an example remittance report submitted by Defendant to the Funds is attached as **Exhibit 2**.

  (c) To produce, upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Defendant's records concerning its obligations to the Funds.

  (d) To pay interest, liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of Defendant's failure to comply with its contractual obligations described in Subparagraphs (a), (b), and (c).

### **Liquidated Damages and Interest on Late-Paid Contributions**

16. For the period June 2014 through June 2017, Company submitted late remittance reports and contributions to the Funds.

17. The Funds assessed interest and liquidated damages against Company for the June 2014 through June 2017 "late-paid" contributions in accordance with the Labor Contract and Trust Agreements.

18. Defendant paid the interest, but not the liquidated damages, on the late-paid contributions for the months of March 2017 and April 2017 only.

19. Defendant did not pay the interest or liquidated damages for any other months' late-paid contributions during the period June 2014 through June 2017.

20. Based on Company's representations in its untimely remittance reports, Company owes the Funds $3,556.22 in interest and $12,044.31 in liquidated damages on the late-paid contributions for the months of June 2014 through June 2017.

**Delinquent Contributions**

21.     During the period July 2017 through August 2019, Defendant submitted the monthly remittance reports as required under the Labor Contract, but failed to submit the contractually required contributions associated with those reports.

22.     Based on Company's representations in its remittance reports for the period July 2017 through August 2019, Company owes the Funds $78,497.75 in delinquent contributions, plus interest and liquidated damages.

**Failure to Submit Remittance Reports and Contributions**

23.     Defendant has failed to submit remittance reports and contributions for the months of September 2019 through February 2020.

24.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

**COUNT I - CONTRIBUTIONS UNDER CONTRACT**

**PLAINTIFFS**

**v.**

**COMPANY**

25.     All previous paragraphs are incorporated as through full set forth herein.

26.     Defendant failed to timely submit contributions for the months of June 2014 through June 2017 in violation of the Labor Contract and Trust Agreements, resulting in $3,556.22 in interest and $12,044.31 in liquidated damages being owed to the Funds on the late-paid contributions.

27.     Defendant also failed to pay to the Funds contributions due under the Labor Contract and Trust Agreements for the period July 2017 through August 2019.  Based on

monthly remittance reports Defendant submitted to the Funds for this period, Defendant owes the Funds $78,497.75 in delinquent contributions, plus interest and liquidated damages.

28. Defendant has also failed to submit remittance reports and contributions for the period September 2019 through February 2020.

29. Despite request(s) for payment and the missing remittance reports, Defendant has neither paid the contributions owed to the Funds nor submitted the missing remittance reports, as required by the Labor Contract, Trust Agreements, and applicable law.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against Defendant and in favor of the Plaintiffs, for the benefit of the Funds, for at least the sum of $15,600.53 in interest and liquidated damages on the June 2014 through June 2017 late-paid contributions as provided in the Labor Contract and Trust Agreements, and for at least the sum of $78,497.75 in delinquent contributions for the period July 2017 through August 2019, plus any additional amounts which may become due during the pendency of this lawsuit, together with liquidated damages, interest, and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2) Order Defendant to submit remittance reports for the months of September 2019 through the date of such Order, and enter judgment against Defendant for the delinquent contributions owed based on those reports, together with liquidated damages, interest, and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA

### ERISA FUNDS

### v.

### COMPANY

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Company has failed to pay to the ERISA Funds contributions due under the Labor Contract and Trust Agreements for the period of July 2017 through September 2019 in at least the sum of $77,343.74, in violation of 29 U.S.C. § 1145, plus interest and liquidated damages.

32. Defendant has also failed to submit remittance reports and contributions for the period September 2019 through February 2020.

33. Despite request(s) for payment and the missing remittance reports, Defendant has neither paid the contributions owed to the ERISA Funds nor submitted the missing remittance reports, as required by the Labor Contract, Trust Agreements, and ERISA.

34. The ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § ll45.

WHEREFORE, the Plaintiffs ask that the Court:

(1) Enter judgment against Company and in favor of ERISA Funds for at least the sum of $77,343.74, plus any additional amounts which may become due during the pendency of this lawsuit, together interest at the rate(s) prescribed by 26 U.S.C. § 662l from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest

on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, and the cost of reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Labor Contract, Trust Agreements and 29 U.S.C. § 1132(g)(2).

(2)	Order Defendant to submit remittance reports for the months of September 2019 through the date of such Order, and enter judgment against Defendant for the delinquent contributions owed based on those reports, together interest at the rate(s) prescribed by 26 U.S.C. § 662l from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, and the cost of reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Labor Contract, Trust Agreements and 29 U.S.C. § 1132(g)(2).

(3)	Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

        Respectfully submitted,

        JENNINGS SIGMOND, P.C.

        /s/ Ryan P. McCarthy
        **RYAN P. MCCARTHY (219022016)**

Dated: March 20, 2020