# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.A. LOCAL 322 HEALTH & WELFARE FUND, | : |
| U.A. LOCAL 322 ANNUITY FUND, | : |
| U.A. LOCAL 322 EDUCATION FUND | : CIVIL ACTION NO.: |
| LOCAL 322 OF THE UNITED ASSOCIATION | : 1:20-cv-03107-RMB-KMW |
|     OF JOURNEYMEN AND | : |
|     APPRENTICES OF THE PLUMBING AND | : |
|     PIPE FITTING INDUSTRY OF THE UNITED | : |
|     STATES AND CANADA, AFL-CIO, | : |
| U.A. LOCAL 322 POLITICAL ACTION | : |
|     COMMITTEE, and | : |
| KURT R. KRUEGER, JR. in his official capacity | : |
|     as a fiduciary | : |
| and | : |
| SOUTH JERSEY MECHANICAL | : |
|     CONTRACTORS RESIDENTIAL FUND | : |
| Plaintiffs, | : |
| v. | : |
| MARLEE CONTRACTORS, LLC | : **ORDER AND JUDGMENT** |
|   | : **BY DEFAULT** |
| Defendant. | : |

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, U.A. Local 322 Health and Welfare Fund, U.A. Local 322 Annuity Fund, U.A. Local 322 Education Fund, Local 322 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, U.A. Local 322 Political Action Committee, Kurt R. Krueger, Jr., and South Jersey Mechanical Contractors Residential Fund (collectively, "Plaintiffs"), it appears to the Court that Defendant, Marlee

Contractors, LLC ("Company" or "Defendant") was served with process on May 1, 2020 and has knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendant having been entered, it is **ORDERED**:

1. Judgment by default is entered against Defendant, and in favor of the Plaintiffs in the total amount of $103,209.70, which includes the following:

> (a) $11,658.74 in liquidated damages assessed on late-paid contributions for the period June 2014 through June 2017;
>
> (b) $3,235.26 in interest assessed on late-paid contributions for the period June 2014 through June 2017
>
> (c) $54,965.43 in delinquent contributions for the period February 2018 through August 2019;
>
> (d) $7,739.56 in total liquidated damages on the July 2017 through January 2018 late-paid contributions and the February 2018 through August 2019 delinquent contributions;
>
> (e) $10,820.70 in total interest on the July 2017 through January 2018 late-paid contributions and the February 2018 through August 2019 delinquent contributions; and
>
> (f) $14,790.01 in reasonable attorneys' fees and costs.

2. Within forty-eight (48) hours of a request by the Administrator of the Funds or their designated representative, Defendant shall submit to Plaintiffs the contractually required remittance reports detailing the hours of work for which contributions are due for the period September 2019 through the present.

3. Within a reasonable amount of time following Defendant's submission of the remittance reports, Plaintiffs will file with the Court and serve upon Defendant an itemized and verified list of delinquent contributions, interest and liquidated damages owed to the Plaintiffs based on Defendant's remittance reports, as well as additional attorneys' fees and costs incurred. Absent objection within five (5) business days of service upon Defendant, the Court will enter a final judgment in favor of the Plaintiffs and against Defendant as requested in the filed statement. In the event of an objection, the Court will determine the need for a hearing.

4. Defendant shall pay to the Plaintiffs any additional reasonable attorneys' fees and costs incurred in connection with this case on and after November 30, 2020 including, without limitation, those incurred to enforce and collect this judgment. If further action by the Plaintiffs is required, they may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶ 1 above. See Free v. Briody, 793 F.2d 807, 808-09 (7th Cir. 1986); see also United Auto Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 285 (3d Cir. 2007) ("It is undisputed that ERISA mandates an award of reasonable attorney's fees and costs when . . . a fund prevails in an action for unpaid contributions pursuant to 29 U.S.C. § 1145.") (citing § 1132(g)(2)(D)); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 876 F.2d 852 (10th Cir. 1989).

5. If Defendant fails to comply with any of the terms of this Order, Plaintiffs may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

6. This Order and Judgment is enforceable, without duplication, by one or more of

the Plaintiffs, jointly and severally, or their agents.

BY THE COURT

Date: *April 20, 2021*          By: *Renée Marie Bumb*

U.S. District Judge

4